**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

FRAN DAVID FLORES SAAVEDRA,

Petitioner,

v. Case No. 2:26-cv-03552 KWR-LF

MARKWAYNE MULLIN*, Secretary of the Department of Homeland Security, et al.,*

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner asserted a single claim, that his prolonged detention violates due process. Respondents do not oppose relief. Doc. 7 at 1 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief.").

Petitioner asserts that he entered the United States on November 23, 2023 on humanitarian parole. Petitioner is a non-citizen who has been in ICE custody since January 9, 2026. An immigration judge issued a removal order on April 24, 2026. Petitioner filed an appeal of the removal order. He asserts he has no criminal history, which Respondents do not dispute. *See* Doc. 1 at 1. Petitioner asserts that his prolonged detention is punitive and violates due process. *See, e.g., Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the

substantive ... due process guarantees of the Fifth Amendment."). In response, Respondents do not oppose relief. They assert that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." Doc. 7 at 1. Respondents do not disagree that his due process rights were violated, assert that there is any basis to detain Petitioner, or that he has a criminal history or that he is a flight risk. Generally, the Court has authority to order release from unconstitutional detention. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Therefore, the Court will grant the Petition and order release.

This order should not be construed to opine whether detention in the future is appropriate based on changed circumstances, such as if mandatory detention under § 1231 applies.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **GRANTED** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE